**No. 53105.**—State Distributing Co. *v.* United States, protest 126182–K (Savannah)

JOHNSON, Judge: This action involves the amount of duty assessable upon a shipment from Lisbon, Portugal, of 1,000 cases each containing twelve ⅘-quart bottles of "Old Portuguese Brandy," an alcoholic beverage. The rate of duty is not in issue.

The merchandise arrived at the port of Philadelphia on May 31, 1944, and was shipped per immediate transportation entry to Atlanta, Ga., the port of destination, arriving there on July 3, 1944, where it was entered for and placed in a bonded warehouse on July 8, 1944. On July 11, 1944, 250 cases thereof were withdrawn for consumption and a duty of $1,506.86 was paid on 600 gallons of brandy and 4,123 pounds of glass bottles at the appropriate rates. Also, an internal revenue tax of $5,400 was paid on the same quantity.

On August 10, 1944, a customs inspector reported that the merchandise had been strip stamped and also that 1,920 bottles were broken and 28 were short. Notice was sent to the importer of such shortage and breakage on the same day. An affidavit filed by the importer on said August 10 verified the loss so reported. The entry, however, was liquidated at the port of Baltimore, Md., on September 7, 1944, and duty was levied on the entire shipment on the basis of 2,388.6 gallons

at $2.50 per gallon. In addition a levy of internal revenue tax was shown as liquidated at the then prevailing rate of $9 per gallon upon the basis of only 2,010.4 gallons. No allowance in duties was ever made for any loss in quantity, nor does it appear that the importer at the time of liquidation filed a protest against the collector's liquidation of September 7, 1944.

Nearly 2 years later, to wit, in May 1946, an application was made and granted for the destruction of the brandy remaining in warehouse. The customs inspector in charge reported that the destruction was completed under his supervision. Thereafter, on June 18, 1946, the collector at the port of Baltimore, Md., reliquidated the entry, giving credit for 9,708 pounds of bottles destroyed and for 1,410.4 gallons of brandy. The allowance, however, failed to include any of the quantities of brandy reported lost through breakage or other means. In consequence thereof, the collector made a demand upon the importer for the payment of a duty amounting to $945.50 upon the quantities not destroyed or not found in warehouse at the time of the destruction of the goods. No internal revenue tax was assessed other than that paid upon the withdrawn quantity.

The plaintiff contends that it was impossible to complete a report of the quantity broken upon arrival of the shipment at the warehouse in Atlanta, Ga., inasmuch as the examination and application of the internal revenue strip stamps to the bottles was not completed until August 10, 1944, upon which date the affidavit was filed, and that such filing was within the time prescribed by law.

The Government contends that duty was properly assessed upon the missing beverages in view of the provisions of paragraph 813 of the Tariff Act of 1930.

At the trial of this case no evidence was introduced by either side. All that appears is argument of counsel as to whether the duty assessed upon merchandise should be remitted when it is discovered that the goods were lost through breakage. The Government overlooked the fact, apparently, that the entry covering the brandy in question was liquidated by the collector in September 1944, at which time he determined that duty should be paid upon such brandy as was lost through breakage or other means. From the time of such liquidation the importer had 60 days relative to the question of breakage in which to file a protest. No protest was filed, however, until after the entry had been reliquidated by reason of the destruction of the remaining goods in warehouse under the provisions of section 557 (c), as amended by the Customs Administrative Act of 1938.

A similar jurisdictional question arose in the case of *Dover Shipping Co., Ltd.* v. *United States*, 4 Cust. Ct. 135, C. D. 306. There, a reliquidation was required because of the terms of the Canadian Trade Agreement's reduction of the duty upon liquors from $5 per gallon to $2.50 per gallon. A protest was filed against the reliquidation claiming that the collector assessed duty upon merchandise which had not been imported. The court noted that no change had been made in the original gauge of the liquor involved, and observed that the duty demanded upon reliquidation was measured by the same gauge used upon liquidation, which had been accepted by the importer, without protest, notwithstanding that the gauger had reported the amount of liquor actually imported. Counsel for the Government there moved to dismiss the protest for untimeliness. In granting the motion the court stated:

\* \* \* The importer slept upon his rights and failed to file a protest against the collector's action upon the original liquidation in which the collector refused to make allowance in duties for deficiency in quantity.

As a basis for the determination of the quantity on which the duty due the Government had been fixed at the time of the original liquidation, we are of the opinion that a change in the law, which merely affords the importer a more advantageous rate, does not operate to revive a right originally granted the importer to litigate the collector's determination in that regard. Inasmuch as

the collector failed to disturb his findings upon reliquidation respecting the entered gauge, under the ruling of our appellate court in the *Woolworth* case, *supra* [*Woolworth* v. *United States*, 26 C. C. P. A. 157, C. A. D. 10], the question is not open to protest. Therefore the motion to dismiss as untimely is granted.

Section 514 of the Tariff Act of 1930 provides that the action of the collector upon the expiration of 60 days after the date of liquidation shall "be final and conclusive upon all persons (including the United States and any officer thereof) unless the importer, consignee, or agent of the person paying such charge or exaction * * * shall, within sixty days after, but not before such liquidation * * * file a protest in writing with the collector * * *. The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation."

In view of the fact that the question as to the quantity properly assessable with duty arose at the time of liquidation on September 7, 1944, a protest filed more than 60 days thereafter complaining that duty was taken upon merchandise which was lost through breakage or other means is too late. This court has no jurisdiction to consider the merits of the action now before us brought by protest filed July 15, 1946. Upon the court's own motion, therefore, the protest is hereby dismissed.

Judgment will be entered accordingly.